Lisa **BROUSSEAU,** Plaintiff,

v.

**POSTMASTER GENERAL,** Defendant.

**CIV. No. 3:00 CV 1773(WWE).**

United States District Court,
D. Connecticut.

Aug. 27, 2002.

Gregg D. Adler, BetzaBeth Sanchez, Hartford, CT, for plaintiff.

Regina A. Long, U.S. Attorney's Office, Christine L. Sciarrino, U.S. Attorney's Office, Bridgeport, CT, Anthony T. Rice, Joseph P. Sassi, for defendant.

## *ORDER*

HOLLY B. FITZSIMMONS, United States Magistrate Judge.

### I. *Introduction*

Pending before the court is a discovery dispute regarding defendant's disclosure of a redacted version of an expert report. The parties have provided the court with letters outlining their respective positions. Plaintiff argues that she is entitled to an unredacted version of the report. Defendant argues that plaintiff is entitled only to a redacted version. The court agrees with defendant.

### II. *Brief Statement of the Facts*

Plaintiff has brought claims pursuant to the Rehabilitation Act, alleging that defendant discriminated and retaliated against her due to her disability and request for accommodation. In order to assess certain aspects of plaintiff's claims, defendant engaged the services of Dr. Phillips, a forensic psychiatrist. Defendant arranged for Dr. Phillips' examination of plaintiff without filing a formal motion under Rule 35 of the Federal Rules of Civil Procedure, but the parties treated it as a Rule 35 examination. Defendant also requested that Dr. Phillips provide an expert opinion based on matters other than plaintiff's mental examination. Defendant has elected not to designate Dr. Phillips as a testifying expert.

After examining plaintiff and analyzing the other matters, Dr. Phillips provided defendant with his expert report. Pursuant to plaintiff's request under Rule 35(b)(1), defendant forwarded to plaintiff a copy of Dr. Phillips' report, but redacted all references to any subject matter other than Dr. Phillips' examination of plaintiff. The court has reviewed in camera the entire unredacted report.

### III. *Legal Analysis*

In their letters to the court, the parties rely on different, but related, provisions of the Federal Rules of Civil Procedure. Defendant relies predominantly on Rule 26(b)(4). Plaintiff relies predominantly on Rule 35(b)(1).

Rule 26(b)(4) of the Federal Rules of Civil Procedure governs the discoverability of expert opinions. That rule provides, in relevant part, that:

> A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

Fed.R.Civ.P. 26(b)(4)(B). Although it initially refers only to interrogatories and depositions, this rule specifically covers the discovery of expert reports pursuant to Rule 35(b). In fact, Rule 26(b)(4) specifically provides that a party may "discover facts known or opinions held by [a non-testifying] expert ... *only* as provided in Rule 35(b) or upon a showing of exceptional circumstances." Fed. R.Civ.P. 26(b)(4) (emphasis added). Plaintiff does not argue that there are exceptional circumstances in this case, so the only issue is whether Rule 35(b) entitles plaintiff to a copy of Dr. Phillips' unredacted report.

Rule 35(b) provides, in relevant part, that:

> If requested by the ... person examined, the party causing the examination to be made shall deliver to the requesting party a copy of the detailed written report of the examiner setting out the examiner's findings, including results of all tests made, diagnoses and conclusions, together with like reports of all earlier examinations of the same condition.

Fed.R.Civ.P. 35(b)(1). Although this rule, read literally, provides no authority for redaction of a report, it also obviously contemplates that the expert's report is a report regarding a Rule 35(a) medical examination, as opposed to other matters.

Defendant argues that Dr. Phillips' report is essentially a compilation of reports, a portion of which deals with plaintiff's examination. Defendant has disclosed that portion. Defendant further argues, however, that this compilation report also contains Dr. Phillips' expert analyses on other matters, which were conducted at the request of defendant.

Having reviewed Dr. Phillips' unredacted report in camera, the court agrees with defendant that Dr. Phillips' report contains more than an analysis of plaintiff's psychiatric condition. Because Rule 35 applies only to reports of medical examinations, it applies only to that portion of Dr. Phillips' report that relates to plaintiff's psychiatric examination. Again, that portion of the report has been disclosed to plaintiff. The remaining portions of Dr. Phillips' report fall outside the scope of Rule 35. Accordingly, the court looks to the general rules regarding the discovery of expert opinions contained in Rule 26(b)(4).

Rule 26(b)(4) provides that retained experts' opinions not within the scope of Rule 35 are discoverable only under exceptional circumstances. Moreover, "[s]ince discovery of expert information acquired in anticipation of litigation can only be had in accordance with Rule 26(b)(4), if no provision is made for experts consulted informally in anticipation of litigation, no discovery concerning them is permissible." *USM Corp. v. American Aerosols, Inc.*, 631 F.2d 420, 424–25 (6th Cir. 1980). Thus, because there is no support for it in the text of Rule 26(b)(4), a party has no right to discover information from an expert "informally consulted in anticipation of trial, but not retained or specially employed." *Id.* at 424.

In this case, Dr. Phillips specifically states, in the first paragraph, that his additional analyses were conducted "[a]t [defendant's] request." The court can conclude, therefore, that Dr. Phillips was either specially retained by defendant to conduct the additional analyses, or was specially retained to conduct the Rule 35 examination and informally requested to conduct further analyses. If it is the former, plaintiff is entitled to the sought information only upon a showing of exceptional circumstances. If it is the

latter, plaintiff is not entitled to the information at all. As noted, plaintiff has not even argued that exceptional circumstances are present. Therefore, regardless of the circumstances under which Dr. Phillips was retained, the court cannot order discovery of Dr. Phillips' expert opinions on matters other than plaintiff's psychiatric examination.

## IV. *Conclusion*

For the foregoing reasons, the court approves defendant's use of the redacted report. A protective order shall enter with respect to the redacted information.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.